

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1923-06

### LARRY GLENN HAYNES, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**JOHNSON, J., filed a concurring opinion.**

### O P I N I O N

I join the Court's opinion.

Following the dictates of *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App 1997), the court

of appeals found that the state had failed to prove an element of the charged offense, that no jury

instruction on a lesser-included offense had been requested by either advocate, and that the trial court

had not included such an instruction *sua sponte*.[1] *Haynes v. State*, __ S.W.3d ___ (Tex. App.

---

[1] As in *Stephens v. State*, 806 S.W.2d 812 (Tex. Crim. App. 1990), a double-jeopardy case, the state contributed to the error. *Id.* at 818 ("Nothing prevented the State from requesting a lesser included offense instruction. . . . By electing to proceed only on the greater offense, the State can hardly claim that it did not

Houston–1st 2007). The court of appeals determined that the hypothetically correct jury charge would not have included the missing element, found that the evidence was therefore legally insufficient to support an element of the offense, and rendered a judgment of acquittal. The state appealed, asserting that the court of appeals should have reformed the judgment to reflect conviction of misdemeanor assault.[2]

In this case, the state urges us to overrule *Collier v. State*, 999 S.W.2d 787 (Tex. Crim. App. 1999), because "reformation is the defendant's and not the State's remedy . . .." State's brief at 8. If that is an appropriate reason for overturning *Collier*, then we must wait for a case in which the defendant, not the state, is requesting reformation.

The state also argues that "the issue on which *Collier* turned" was a "misguided procedural

---

contribute to the error.").

[2] The state's argument is based entirely on the dissenting opinion in *Collier v. State*, 999 S.W.2d 787 (Tex. Crim. App. 1999). But as the dissent in this case notes, the narrowest rule can be discerned by counting the number of judges who were aligned with each position; eight judges would allow reformation if lesser-included instructions had been submitted to the jury, while five would deny reformation if such an instruction was neither requested nor submitted. Thus, while the lead opinion garnered only four votes, *Collier's* holding had five votes, a majority of the Court.

I do not take "narrowest ground" to mean the legal ruling that is most restrictive. My interpretation of "narrowest ground" is that ground on which at least five judges agree, regardless of rationale for the agreement. Therefore, while the most restrictive ground–the lesser-included instruction was not given, not requested, or requested but denied–was supported by four judges, the narrowest ruling in *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999), is the judgment supported by five judges–a judgment may not be reformed unless the lesser-included offense that will be substituted was submitted to the jury.

While the rationale of the lead opinion was based on persuasive authority from a sister court, and Judge Keasler based his rationale on a plain-language reading of TEXAS RULE OF CRIM. PROC. 43.2(c), it can be argued that the rationales expressed in the lead opinion and Judge Keasler's concurrence are, in their essence, the same. The lead opinion expressed the holding in the positive ("court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense only if . . . the jury was instructed on the lesser included offense . . .." ), while Judge Keasler's concurring opinion expressed the concept in the negative ("court of appeals cannot reform a judgment to reflect a conviction for a lesser-included offense unless that lesser-included offense was submitted in the jury charge."). *Collier*, 999 S.W.2d at 782, 784. As Judge Keasler wrote, the "'judgment that the trial court should have rendered' can only be a judgment that the trial court was capable of rendering, given the instructions to the jury. If a jury is only instructed on one offense, then the trial court can only render judgment on that offense or a judgment of acquittal." *Id.* at 784. In the end, it matters not whether the instruction was not requested, or was requested but denied, the result is the same; the instruction was not given.

default determination . . ." and that "acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime"; here "there was only a failure in the proof of an aggravating element of the offense and not the actual crime." *Id*. at. 8-9.  It appears that the state equates the crime alleged in the indictment with the crime proved at trial.  If aggravated robbery is the crime alleged, it can be proved only if all elements, including the aggravating factor, are proved.  If "there was only a failure in the proof of [the] aggravating factor," then robbery has been proved.  But robbery was not the offense alleged in the indictment, and there has therefore been a failure in the state's proof of the actual crime alleged.  As Judge Campbell said in *Stephens*, "The State, with respect to the lesser included offense, argues that a reversal based on insufficiency of the evidence as to the aggravating element should not be accorded the same status as other appellate reversals because the issue of the lesser included offense was never presented to the jury. . . . We find [this] argument[] unpersuasive." *Stephens v. State*, 806 S.W.2d 812, 819 (Tex. Crim. App. 1990).

Before trial, the power lies wholly with the state.  The state has the burden of proving an accusation, but it also has great discretion as to what that accusation will be.  As a general rule, the state has more resources available to it, particularly investigatory resources.  The state gathers the evidence, and on the basis of that evidence, chooses what offenses to allege in the charging instrument.  The state may amend the indictment or information, abandon counts or elements, or dismiss and refile.  It may restrict defense access to physical evidence.  State witnesses are not compelled to communicate with defense counsel, and their statements do not have to be divulged until after they testify on direct examination.  Although many prosecutors' offices do let defense counsel see physical evidence and witness statements before trial, they are not required to do so, and some offices do not do so.

At trial, the balance of power shifts somewhat. The state still controls the content of the indictment and most of the evidence, but now the defendant has more opportunity to challenge that evidence. If defense counsel determines that the state has failed in its burden to prove each and every element of the charged offense, then the choice of requesting instructions on lesser-included offenses–or not–must be made. At times, the decision is influenced by a client who adamantly opposes instructions on lesser-included offenses. The gamble for the defense is that the jury will discern the failure of proof and, with no other choice available, acquit. The choice is big win versus big loss.

Wise prosecutors allege only what the evidence supports. At times, evidence that appears to support a charge may have been oversold by a witness and actually provides insufficient support for the indicted offense but quite nicely supports a lesser-included charge. At that point, just as for the defendant, the choice of requesting instructions on lesser-included offenses–or not–must be made. A prosecutor is well served by the words of TEX. CODE CRIM. PROC. art. 2.01: "It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." Art. 2.01 instructs a prosecutor to go not with what one "knows," but with what one can prove beyond a reasonable doubt. In such a case, seeing that justice is done may mean letting loose of the charged aggravated robbery and accepting that the right verdict is robbery.

The gamble for the state in choosing not to request lesser-included-offense instructions is that the jury will convict on the charged offense, in spite of weak (and possibly insufficient) evidence–again, big win versus big loss. The prosecutor who gambles that the jury will convict on weak evidence and so does not hedge the bet with a lesser-included-offense instruction has chosen a path that may indeed cause a defendant who is guilty of some crime–one of the lesser-included

5

offenses–to go free.  If the prosecutor chooses to cling to the wreckage of that particular Titanic instead of choosing the lifeboat of a lesser-included offense, then he or she must also accept the consequences that follow.  The consequence of failing to carry the state's burden of proof is an acquittal.

In this case, both sides went for the big win, and inevitably one side–here the state–got the big loss instead.  Regardless of which side chooses to "go for broke," it may be a valid strategic choice from which neither side should be rescued.

Filed: April 30, 2008
Publish